**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

AMAAN ABDOO HAMDAA,

      Petitioner,

v.                                                                                                No. 2:26-cv-00481-MLG-LF

PAMELA BONDI, Attorney General;
DAREN K. MARGOLIN, Director for
Executive Office for Immigration Review;
EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW; KRISTI NOEM, U.S. Department
of Homeland Security; DEPARTMENT OF
HOMELAND SECURITY; TODD M. LYONS,
Acting Director of Immigration and Customs
Enforcement; IMMIGRATION AND CUSTOMS
ENFORCEMENT; MARY DE ANDA-YBARRA,
El Paso Field Office, Immigration and Customs
Enforcement; DEPUTY WARDEN OF THE
OTERO COUNTY PROCESSING CENTER,

      Respondents.

**ORDER PARTIALLY GRANTING PETITION FOR WRIT OF HABEAS
CORPUS AND DIRECTING RESPONDENTS TO CONDUCT A BOND
HEARING PURSUANT TO 8 U.S.C. § 1226(a) WITHIN THREE DAYS**

Petitioner Amaan Abdoo Hamdaa, a citizen of Ethiopia, is detained at the Otero County

Processing Center in Chaparral, New Mexico. Doc. 1 at 4 ¶¶ 12-13. He challenges his continued

detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration

authorities to immediately release him from custody, or, in the alternative, to conduct a bond

hearing pursuant to 8 U.S.C. § 1226(a) within three days. Doc. 1 at 28. Petitioner also requests an

award of attorney fees and costs under the Equal Access to Justice Act. *Id.* at 29. The Court ordered

the United States Attorney's Office for the District of New Mexico ("USAO") to respond to

Hamdaa's Verified Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, on behalf of Federal

1

Respondents. Doc. 3 at 2. The USAO timely filed its Response on March 6, 2026. *See* Doc. 6. Hamdaa filed a Reply on March 19, 2026. *See* Doc. 7.

The Order to Show Cause, Doc. 3, noted that the Court has previously granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a) where the noncitizen[1] petitioners were never admitted but had been residing in the United States prior to their detention. *See Cortez-Gonzalez v. Noem,* No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *1, *3-6 (D.N.M. Dec. 4, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *1-5 (D.N.M. Dec. 17, 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025). The parties agree that the Petition presents substantially similar facts as these cases, and that the Court's prior decisions control the outcome here. Doc. 6 at 1-2; Doc. 7 at 2. The Court therefore concludes that Hamdaa's detention is governed by § 1226(a).

Respondents' failure to provide Hamdaa with a bond hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in

---

[1] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").

Accordingly, the Court grants the Petition to the extent Federal Respondents must provide Hamdaa with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within three days[2] of this Order's filing. At the bond hearing, Federal Respondents must justify Hamdaa's continued detention by clear and convincing evidence.[3] If Federal Respondents fail to meet this evidentiary burden, Hamdaa should be released on appropriate conditions. The USAO is further ordered to file a status report within five days of this Order's filing to certify compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial. If Hamdaa does not receive a bond hearing in accordance with this Order, the Court may order his immediate release.

---

[2] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

[3] Several years ago, the United States Supreme Court declined to decide whether the Due Process Clause of the Fifth Amendment to the United States Constitution requires that noncitizens being detained pursuant to § 1225 and § 1226 receive periodic bond hearings "at which the Government proves by clear and convincing evidence that . . . detention remains justified." *Jennings v. Rodriguez*, 583 U.S. 281, 291, 312-14 (2018). "Since *Jennings*, a number of district courts have taken up the question left open by the Supreme Court, and there has emerged a consensus view that where, as here, the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018). The Court agrees that "given the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Id.* Thus, "in accordance with the overwhelming majority of courts to have decided the issue," the Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436.

The Court will consider Hamdaa's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). *See* Doc. 1 at 29; *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). Hamdaa must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and demonstrate that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Respondents must then justify their position. *See Hackett*, 475 F.3d at 1170.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

4